**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-5577**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILLIP W. GARRETT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-91-12)

---

Submitted: July 23, 1996              Decided: August 2, 1996

---

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Philip H. Wright, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Phillip Garrett appeals the revocation of his supervised release and sentence of eleven months incarceration for violating the terms of his supervised release by possessing and using cocaine. Garrett's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but raising the issues that the revocation of Garrett's supervised release was an abuse of discretion, and that incarceration in lieu of an inpatient drug treatment program was unduly harsh. Garrett was notified of his right to file a supplemental brief, which he failed to do. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. Based on Garrett's admission of possessing and using cocaine, the court did not abuse its discretion in revoking Garrett's supervised release as required by 18 U.S.C. § 3583(g) (1988), and sentencing him to an eleven-month prison term.[*]

Moreover, Garrett's claim that the court abused its discretion by refusing to sentence him to an inpatient substance abuse program in lieu of incarceration is without merit. The court, in imposing sentence, noted Garrett's past inability to voluntarily participate in a treatment program and concluded that an eleven-month sentence would allow Garrett the opportunity to enroll in the Bureau of

---

[*] See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).

2

Prison's drug treatment program. The court considered the sentencing factors under 18 U.S.C. § 3553 (1988), and concluded that an eleven-month sentence afforded Garrett with the most effective correctional treatment and provided deterrence to future crimes. Accordingly, we find no abuse of discretion.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED